Weldon, J.,
delivered the opinion of tbe court:
The petition alleges that the claimant was postmaster at the town of Emporia from August, 1864, to July 1, 1871; that the said office for the biennial terms ending June 30,1806, June 30,1868, and June 30,1870, was by the Postmaster-General assigned to the fourth class, and in June 30,1871, assigned by him to the third class.
“Petitioner says that she was paid a salary for the biennial term ending June 30, 1867, of about $270 per year, and for the term ending June 30, 1868, she was paid $400 per year, and for the term ending June 30,1870, she was paid $790per year, and for the year ending June 30, 1871, she was paid $1,8001 And petitioner says that the salary paid for each of said terms was more than 10 per cent less than she would have received in commissions under chapter 61 of the laws of 1854, and that the salary paid her for each of said terms not having been readjusted, as required by section 8, of chapter 114, of the laws of 1866, she made application to the Postmaster-General, under chapter 119 of the laws of 1883 prior to January 1, 1887, for the readjustment of salary to which she was entitled, and she further says that upon her said application her salary for each of said terms has been readjusted by the Postmaster-General upon the returns of said office, and that by the readjustments thus made, which have not been reported, she is entitled, in all, for all the said terms of service, to be paid, in addition to what has been heretofore paid her, the sum of $2,175.57, and she says she is unable to state the amount of salary due for each of said terms of service, because the Postmaster-General lias failed to report the same. Petitioner says that there is due her from the United States $2,175.57, for which sum she prays judgment of this honorable court against the United States.”
In the request for findings the claimant abandons the specific sum of $2,175.57, and asks a judgment for the sum of $2,049.25, as the amount to which she is entitled upon a proper and legal adjustment of her rights under chapter 119 of the laws of 1883. The sum of $2,175.57 represents an alleged readjustment of the salary of the claimant under the act of 1883. The pleading of the claimant does not directly count upon it as a readjustment; *338 and tbe contention is that, although there is inlaw a readjustment under the act of 1883, that without such readjustment, if it appears that under the different statutes an amount is due claimant, she has a right to recover. The act of 1883 provides—
“ That the Postmaster-General be, and he is hereby, authorized and directed to readjust the salaries of all postmasters and late postmasters of the third, fourth, and fifth classes under the classification provided for in the act of July 1, 1864, whose salaries have not heretofore been readjusted under the terms of section 8 of the act of June 12,1866, who made sworn returns of receipts and business for readjustment of salary to the Postmaster-General, the First Assistant Postmaster-General, or the Third Assistant Postmaster-General, or who made quarterly returns in conformity to the then existing laws and regulations, showing that the salary allowed was 10 per centum less than it would have been upon the basis of commissions under the act of 1854; such readjustment to be made in accordance with the mode presented in section 8 of the act of June 12, 1866, and to date from the beginning of the quarter succeeding that in which such SAVorn returns of receipts and business or quarterly returns were made: Provided, That every readjustment of salary under this act shall be upon a written application, signed by the postmaster or late postmaster or legal representative entitled to such readjustment; and that such payment shall be by warrant or check on the Treasurer or some assistant treasurer of the United States, made payable to the order of said applicant, and forwarded by mail to him at the post-office within whose delivery he resides, and which address shall be set forth in the application above provided for.” (22 Stat. L., p. 487.)
The proviso indicates the mode in which the rights of parties are to be dealt with under the statute, and furnishes the court an indication of construction in determining the legal liability of the defendants in this proceeding. The contention of the Government is the reverse of the claimant’s. It is contended that a readjustment is necessary, that no such readjustment has been made, and that under a proper readjustment by the Postmaster-General nothing would be dire the claimant. We will first consider whether it is necessary that the claimant-have a readjustment.
At the time the act of 1883 was passed the claimant was not only without remedy, but without right. If she ever had any claim against the Government for fees or salary as postmaster, that claim was barred by the statute of limitations long before the act of 1883.
*339 Tbe plaintiff’s right to sue and her right to recover depends upon and is incident to the act of 1883 as applicable to the acts of 1854 and 1866 recited in the act of 1883. A case very similar to the one at bar was determined by the Supreme Court, on appeal from this court, involving the rights of a postmaster under the act of 1866, providing for a readjustment of a postmaster’s salary. The court said:
“From a review of these statutory provisions it appears plainly that after a salary of a postmaster has been fixed a readjustment by the Postmaster-G-eneral must be made before it can be increased, and the readjustment takes effect in all cases prospectively. The law imposes no obligation upon the Government to pay an increased salary unless a readjustment has preceded it. And by the act of 1866 the Postmaster-General is not to readjust an existing salary unless the quarterly returns made show cause for it. Now, if it be conceded that the quarterly returns made on the last day of each quarter, beginning with June 30,1871, made it the duty of the Postmaster-General to make a readjustment immediately on receipt of the returns, still his readjustment was an executive act, made necessary by.the law, in order to perfect any liability of the Government. If the executive officer failed to do his duty, he might have been constrained by a mandamus. But the courts can not perform executive duties or treat them as performed when they have been neglected. They can not enforce rights which are dependent for their existence upon a prior performance by an executive officer of certain duties he has failed to perform. The right asserted by the claimant rests upon a condition unfulfilled. The judgment was therefore erroneous and must be reversed, and the record remitted to the Court of Claims with instructions to dismiss the petition: and it is so ordered.” (95 U. S. R., p. 753.)
After the decision of the Supreme Court the claimant sought to mandamus the Postmaster-General, and for that purpose commenced suit in the Supreme Court of the District of Columbia.
The Supreme Court of the District refused to grant the mandamus, which decision was affirmed by the Supreme Court of the United States on the ground—
“That no obligation rests upon the Postmaster-General to readjust the salaries of postmasters offcener than once in two years; that such readjustment, when it takes place, establishes the amount of the salary prospectively for two years, but that a discretion rests with the Postmaster-General to make a more *340 frequent readjustment when cases of hardship seem to require it.” (124 U. S. R., p. 86.)
In the case in 95 U. S. Reports the court held:
“The law imposes no obligation on the Government to pay-increased salary unless a readjustment preceded it.”
The duty of the Postmaster-General under the act of 1866, on which the suit of McLean was brought, is in substance the duty of the Postmaster-General under the act of 1883, and whatever the Supreme Court may have decided in that case becomes the law of construction in this case. The court in that case held in substance, that if any executive officer failed to perform his duty he might be compelled to discharge it by a proceeding'in mandamus; but that courts can not perform executive duties or treat them as performed when they are dependent upon the exercise of executive authority for their existence; that conditional rights must be associated with, and sustained by, the happening or performance of the condition. The suit, under the act of 1883, is in legal effect a suit based upon the award of an arbitrator, and without an award there is no legal virtue in the submission, as conferring a right of action or power of recovery.
Aside from the peculiar language of the act of 1883, upon the authority of the McLean Case, we must hold that it is necessary, in order to consummate a cause of action in favor of a postmaster under the statute, that he must establish as an affirmative fact that the Postmaster-General has in law made a readjustment in his favor, and recover on that as an award under the law. The court will not examine and determine the ques- , tion, whether under the various statutes he has a right to recover irrespective of the acts of the Postmaster-General under the law of 1883. That would be the performance of executive duties within the meaning of the decision of the Supreme Court. We now come to the question whether in law there has been a determination upon the part of the Postmaster-General binding the Government as a readjustment.
The claimant, on the 8th of March, 1884, made application in writing for readjustment from January 3,1865, to July 1,1870.
Upon that application action was taken in the Post-Office Department by one of the subordinates, and the question of contention is, whether such action was the action of the Postmaster-General in the adjustment of the account of the claim- *341 aut under tbe act of 1883. Tlie Departments of the Government ordinarily act through and in subordination to the he.ad of each Department, and while the great mass and routine of work is done by the clerks of each Department, the authority to promulgate an order or make an award rests in the head of the Department, or some person specially designated; and unless it affirmatively appears that such officer or person has made the order or award, it is not binding on the Government. In this matter it is made the duty of the Postmaster-General to make the readjustment, and the contention is whether he has made such readjustment.
The claim for readjustment was made in March, 1884, and sometime thereafter, but it does not appear at what time, a clerk in the Post-Office Department prepared two statements of the claimant’s account under the statute authorizing readjustment. Neither bears a date, and it does not distinctly appear at what time they were made. The last one, and on which the claimant asks a judgment, is as follows:
[Readjustment, 1890. Form 1224 A.]
State, Kansas j post-office, Emporia.
Statement salary; basis, act 1854, and salary paid.

The first was in substantially the same form, but having as a result the sum of $2,175.57. These statements were never acted on by the Postmaster-General, so far as we can ascertain from the evidence. It is contended by claimant that they were *342 tbe acts of tbe Postmaster-General; that they were prepared in accordance with instructions issued by him in 1884= for tbe purpose of executing tbe provisions of tbe act of 1883. Tbe proof as to tbe preparation of tbe alleged readjustment is dependent upon oral testimony as to wbat was said and done by clerks in charge of tbe matter in tbe Post-Office Department, and tbe record fails to show any official sanction by tbe Postmaster-General of tbe alleged readjustment. If tbe Postmaster-General ratified and adopted such readjustment, then it may be asked why be did not remit to tbe claimant, as provided in the act of 1883. Tbe first allowance was transmitted to tbe Senate in reply to a call on tbe Department, which was subsequently recalled because of it being erroneous.
In reply to a call of tbe court on tbe present Postmaster-General tbe said computations have been furnished, and it is alleged by tbe officer making tbe return that they were made by a subordinate employé of tbe Department without any authority.
Tbe court can not accept oral testimony as to tbe adoption or ratification of tbe alleged readjustment by tbe Postmaster-General, and in tbe absence of record evidence we must bold that no action has been taken by tbe Department under the act of 1883, and that no readjustment has been made. In tbe absence of such readjustment, tbe claimant is without a right to recover, and tbe petition is dismissed. Tbe counterclaim is also dismissed.
Peelle, J., took no part in tbe decision, tbe case having been argued before be took bis seat.